UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIAN FEBUS, JUSTIN GIBBS, and DEVANTE JAMES,

                        Plaintiffs,

     -against-

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, POLICE OFFICER DAVID GRIECO, POLICE OFFICER AUREL XOXHA, POLICE OFFICER FABIAN MODESTO, POLICE OFFICER RICHARD ORTEGA and SERGEANT KRISTOPHER LOPEZ, IN THEIR INDIVIDUAL and OFFICIAL CAPACITIES,

                        Defendants,
------------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Case Number 1:20-cv-4091

Plaintiffs, by and through their attorneys, LAW OFFICE OF ALI NAJMI, as and for their Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs seek relief for the violation of their rights under 42 U.S.C. §§ 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. Plaintiff's claims arise from an incident that occurred on January 5, 2019 in which the City of New York (hereinafter "CITY") and the New York City Police Department (hereinafter "NYPD"), and the individual Defendants, acting under color of state law, intentionally and willfully subjected Plaintiffs to an unreasonable search and seizure, false arrest, unlawful detention, and implementation and continuation of unlawful and negligent municipal policies, practices, and customs.

3. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c) because the claims arose in this District.

## DEMAND FOR JURY TRIAL

7. Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury in this action.

## PARTIES

8. Plaintiff, Adrian Febus, at time of the incident described herein was a resident of the State of New York, Kings County.

9. Plaintiff, Justin Gibbs, at time of the incident described herein was a resident of the State of New York, Kings County.

10. Plaintiff, Devante James, at time of the incident described herein was a resident of the State of New York, Kings County.

11. Defendant, the City, is a municipal corporation organized under the laws of the State of New York, which violated Plaintiffs' rights as described herein.

12. At all times relevant hereto, Defendant City, acting through Defendant NYPD, was responsible for the policy, practice, custom, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of Defendant NYPD, and for ensuring that the NYPD

personnel obey the laws of the United States and the State of New York.

13. Individual Defendants, Police Officer David Greico, Police Officer Aurel Xoxha, Police Officer Fabian Modesto, Police Officer Richard Ortega, and Sergeant Kristopher Lopez, were at all relevant times police officers of the NYPD, and as such were acting under color of state law and in their capacities as agents, servants and employees of the City of New York. On information and belief, the individual defendants were involved in the illegal arrest and unlawful imprisonment of plaintiffs and/or failed to intervene in the actions of their fellow officers. The individual defendants are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

14. On or about January 4, 2019, at approximately 9:30 p.m., Plaintiff's were at a pool hall in Brooklyn, New York.

15. Approximately two hours later, Plaintiff's left the pool hall to go to Mona's Lounge nearby.

16. Upon arriving at Mona's Lounge and speaking to Mona, Plaintiffs decided to go back to the pool hall.

17. Plaintiff James and Gibbs were walking ahead of Plaintiff Febus and entered the pool hall before Febus.

18. While walking on the sidewalk to go back to the pool hall, Plaintiff Febus heard approximately three gun shots.

19. Febus was then approached by police officers in an unmarked vehicle, who asked him if he had heard any gun shots.

20. Febus responded in the affirmative whereupon Officer Kristopher searched him.

21. No weapon or contraband was found as a result of the search and Febus was free to go.

22. Febus then entered the pool hall, which the officers observed.

23. Approximately ten plainclothes detectives and/or officers entered the pool hall and demanded that the patrons show identification.

24. Defendants illegally detained Plaintiffs and allowed the rest of the patrons to leave.

25. Plaintiffs asked why they could not leave and no answer was given.

26. Defendants then handcuffed and falsely arrested Plaintiffs, failing to read Plaintiffs their Miranda rights or provide an explanation for the unlawful arrest.

27. Despite reasonable opportunity to do so, at no point did Defendants Officers intervene in the unreasonable search and seizure and false arrest.

28. Plaintiffs complied with all police orders and did not resist arrest.

29. Plaintiffs were taken to the 67th Precinct where they were searched again and their property was taken.

30. Plaintiff Febus was told by an officer at the 67th Precinct that he, James and Gibbs were being arrested because they were caught on camera shooting a firearm.

31. The aforesaid allegation was entirely fabricated by the police.

32. Plaintiff James was told by an officer at the 67th Precinct that a gun was found on them.

33. The aforesaid allegation was similarly fabricated by the police.

34. Plaintiffs were then interrogated by the police and shown a photo array without the presence of an attorney, despite the request being made by Febus for an attorney.

35. The Plaintiffs were then taken from the 67th Precinct to central booking, arriving at approximately 9:00 p.m., January 5, 2019.

36. Plaintiffs did not go before a Judge.

37. Plaintiff Febus was charged with possession of a firearm in the second degree.

38. Plaintiffs were released from central booking at approximately 2:00 a.m. on January 5, 2019.

39. Plaintiffs were arrested and in police custody for approximately 25 hours.

40. At no point did Defendants have probable cause to detain and arrest the Plaintiffs.

41. At no point did Plaintiffs violate any law, regulation, administrative code, commit any criminal act, or act in a suspicious and unlawful manner prior to or during the above false imprisonment.

42. At no time prior to, during, or after the above incidents were the individual Defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that Plaintiff's violated any law, committed any criminal act, or acted in a suspicious or unlawful manner.

43. The aforesaid violations of Plaintiffs' rights are not an isolated incident. Defendant, The City, is aware from lawsuits, notices of claims, and complaints, that many members of the New York Police Department are insufficiently trained, and such improper training has often resulted in a deprivation of civil rights. Despite such notice, The City has failed to take corrective action. This failure caused the Defendants to violate Plaintiffs' rights and injure Plaintiff's.

44. At all times, Defendant, The City, by the New York Police Department and its agents, servants and/or employees, carelessly, and recklessly trained the individual Defendants for the position of police officer.

45. At all times Defendant, The City, by the New York Police Department and its agents, servants and/or employees caused, permitted and allowed the individual Defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

46. At all times Defendant, The City, by the New York Police Department and its

agents, servants and/or employees carelessly, and recklessly retained in its employ, the individual Defendants, who were clearly unfit for their position, and acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

47. The Defendants acted under pretense and color of state law and within the scope of their employment.

48. As a direct and proximate result of the Defendants' conduct described above, including the unreasonable search and seizure, detaining and falsely arresting the Plaintiffs, Plaintiff's suffered injuries, pain and suffering, loss of enjoyment of life, humiliation and embarrassment, legal costs, and other losses.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Against the Officer Defendants)

49. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

50. The acts and negligence of the Defendant Officers, committed under color of law and under their authority as City of New York police officers in their individual and official capacities and/or within the scope of their employment, in falsely arresting the Plaintiffs without probable cause, unreasonably seizing, searching, and imprisoning Plaintiffs were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiffs and were designed to and did cause them emotional harm and distress, mental anguish, fear, and pain and suffering.

51. The aforesaid actions of the Defendants were in violation of Plaintiffs' constitutional rights to be free from unreasonable search, seizure and false arrest, to equal protection of the laws, and to not suffer deprivation of their liberty without due process of law, as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution, and

in violation of 42 U.S.C. § 1983.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs were injured and claim damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION
### Failure to Intercede
**(Against the Officer Defendants)**

53. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

54. The Officer Defendants, acting under color of state law, had opportunities and the duty to intercede to prevent the deprivation of Plaintiffs' constitutional rights but consciously failed and refused to intervene.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### Monell Claim
**(Against the City of New York and the New York Police Department)**

56. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57. The aforesaid constitutional violations are not an isolated incident and were proximately caused by one or more policies, practices and/or customs of Defendants City of New York and the New York Police Department.

58. Upon information and belief, it was the policy, practice and/or custom of the City of New York and the New York Police Department to inadequately and improperly investigate complaints of police misconduct.

59. Upon information and belief, it was the policy, practice and/or custom of the City

of New York and the New York Police Department to fail to train, supervise and/or discipline police officers so as to prevent them from committing acts of misconduct and abusing their authority.

60. Upon information and belief, it was the policy, practice, and/or custom of the City of New York and the New York Police Department to unlawfully search and seize members of the public.

61. Upon information and belief, it was the policy, practice, and/or custom of the City of New York and the New York Police Department to falsely arrest and unreasonably detain innocent members of the public to meet "productivity goals" or "arrest quotas".

62. Upon information and belief, it was the policy, practice, and/or custom of the City of New York and the New York Police to Department to manufacture false evidence against innocent persons to justify the abuse of authority in unlawfully stopping and falsely arresting such individuals.

63. The City of New York and the New York Police Department were aware of the aforesaid unconstitutional policies, practices and customs through the repeated occurrences of similar wrongful conduct documented in civil rights actions filed in the Eastern District of New York as well as in New York State courts. As a result, Defendant City of New York and the New York Police Department permitted, tolerated, and were deliberately indifferent to acts of misconduct.

64. The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, wrote that

> [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom

> or policy by the [C]ity by approving illegal conduct of the kind now charged.

*Colon v. City of N.Y.*, Nos. 9 Civ. 8, 9, 2009 WL 4263362, at *2 (E.D.N.Y. November 25, 2009).

65. The City of New York and the New York Police Department, acting under color of state law, violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the United States Constitution.

66. As a direct and proximate result thereof, Plaintiffs have been injured and claim damages.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants as follows:

(A)  compensatory damages in an amount to be determined at trial;

(B)  punitive damages in an amount to be determined at trial;

(C)  an order awarding Plaintiffs reasonable attorneys' fees and costs under 42. U.S.C. § 1988; and

(D)  such other further relief as the Court may deem just and proper.


Dated: New York, New York
       September 2, 2020


_____/s/_____
Ali Najmi, Esq.
The Law Ofice of Ali Najmi
261 Madison Avenue, 12th Floor
New York, NY 10016
(212) 401-6222